UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARTHUR W. FRAZIER, JR.,

        Petitioner,

-vs-                                                Case No.  8:05-cv-2110-T-24TGW

JAMES V. CROSBY, JR.,

        Respondent.
_____/

## **ORDER**

This cause is before the Court on Petitioner Arthur W. Frazier, Jr.'s 28 U.S.C. § 2254 petition for writ of habeas corpus. Frazier challenges his conviction and sentence entered by the Circuit Court for the Tenth Judicial Circuit, Polk County, Florida.

Frazier was convicted by a jury of attempted first degree murder and shooting into a dwelling. He was sentenced to a departure sentence of twenty years incarceration followed by ten years probation. (Petitioner's Appendix of Exhibits, Exhibit B). The date of his judgment of conviction was November 5, 1998. (Petition, p. 2).

### Petition Is Time-Barred

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A).

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

## DISCUSSION

Frazier states that the state district court of appeal per curiam affirmed his conviction on January 16, 2000. It appears that February 16, 2000, is the date of the mandate on direct appeal because Frazier v. State, 755 So. 2d 120 (Fla. 2d DCA 1997) (Table), affirming the judgment of conviction was entered February 16, 2000. Pursuant to Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002), Frazier's conviction was final on direct appeal 90 days after February 26, 2000,[1] when the period for filing a petition for writ of certiorari in the United States Supreme Court expired. That date was May 27, 2000.[2] Therefore, the one-year limitation period began to run on May 28, 2000, and Frazier had until May 28, 2001, to file a timely federal habeas corpus petition or a state collateral proceeding that would toll the running of the one-year period.

Petitioner states that he filed a Rule 3.850 motion. The state trial court judge, in his order denying the Rule 3.850 motion, states that the motion was filed January 25, 2002.[3] On January 25, 2002, 242 days of the one-year period for filing a timely federal petition

---

[1] Frazier states that he did not file a petition for writ of certiorari in the United States Supreme Court.

[2] Frazier states that he filed a Rule 3.800(c) motion on November 30, 1998, and that the motion was denied January 15, 1999. He did not appeal the denial of this motion. This motion, which was filed and denied prior to the time his judgment became final on direct appeal, had no tolling effect in the present case.

[3] The order also states that an evidentiary hearing was held on November 21, 2002.

for writ of habeas corpus had expired -- (May 28, 2001 to January 25, 2002 = 242 days). The state trial court denied the Rule 3.850 motion on December 1, 2002. (Petitioner's Exhibit B). Frazier appealed the denial of relief on December 19, 2002. The state district court of appeal affirmed the denial of relief on September 19, 2003. Frazier v. State, 864 So. 2d 410 (2003) (Table). The mandate issued November 26, 2003. (Petitioner's Exhibit D). Frazier signed the present federal petition for writ of habeas corpus on November 10, 2005, almost two years after the mandate issued, and well-past the one-year limitation period for filing his federal petition for writ of habeas corpus.

## EQUITABLE TOLLING

Title 28 U.S.C. § 2244(d)(1) is a statute of limitations that is subject to equitable tolling, not a jurisdictional bar. Sandvik v. United States, 177 F.3d 1269 (11th Cir. 1999);[4] Henderson v. Johnson, 1 F. Supp. 2d 650 (S.D. Tex. 1998). However, such tolling is available only when the petitioner meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time. See Sandvik, 177 F.3d at 1271-1272 (citing Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990); Calderon v. United States District Court, 163 F.3d 530, 541 (9th Cir. 1998)(en banc); Miller v. New Jersey Department of Corrections, 145 F.3d 976, 978 (10th Cir.), cert. denied, 119 S.Ct.(1998)); Turner v. Singletary, 46 F. Supp. 2d 1238, 1242 (N.D. Fla. 1999).

---

[4] In Sandvik, the Eleventh Circuit held that equitable tolling was not appropriate when his lawyer sent Sandvik's petition by ordinary mail from Atlanta less than a week before it was due in Miami. The court opined that, "while the inefficiencies of the United States Postal Service may be a circumstance beyond Sandvik's control, the problem was one that Sandvik's counsel could have avoided by mailing the motion earlier or by using a private delivery service or even a private courier. 177 F.3d at 1272.

In Akins v. United States, 204 F.3d 1086 (11th Cir. 2000), the Eleventh Circuit examined whether prison lockdowns and misplacement of legal papers would equitably toll the running of the one-year period, and whether a prison lockdown was an unconstitutional impediment, the removal of which would trigger the statute of limitations for filing a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. The appellate court found that the lockdown would not equitably toll the running of the one-year period because Akins had adequate time to file the a timely motion to vacate when he was not in a lockdown situation. 204 F.3d at 1089.

In addition, the Akins court found that the inability of a prisoner to access the law library is not an unconstitutional impediment that prevented Petitioner from exercising the fundamental right of access to the courts in order to attack his sentence. 204 F.3d at 1090.

Finally, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the "extraordinary" circumstances required for equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3rd Cir. 2001) (citing Freeman v. Page, 208 F.3d 572 (7th Cir.2000) (finding no basis for equitable tolling where the statute of limitations was changed to shorten the time for filing a PCRA only four months prior to the filing of the petition); Taliani v. Chrans, 189 F.3d 597 (9th Cir.1999) (finding lawyer's inadequate research, which led to miscalculating the deadline, did not warrant equitable tolling); Seitzinger v. Reading Hosp. and Medical Ctr., 165 F.3d 236 (3d Cir.1997) (finding that an attorney's deception, which caused a prisoner to miss the habeas filing deadline, merits equitable tolling); Doherty v. Teamsters Pension Trust Fund of Phila. & Vicinity, 16

F.3d 1386 (3d Cir.1994) (allowing time to toll because of the death of the petitioner's attorney).

Frazier's July 8, 2005, Notice of Inquiry to the state district court of appeal regarding the disposition of appeal (Petitioner's Exhibit C) demonstrates that Frazier was not diligent in pursuing the outcome of his appeal and does not demonstrate an extraordinary circumstance that would entitle Frazier to equitable tolling. He could have inquired at any time.

Accordingly, the Court orders:

That Frazier's petition for writ of habeas corpus is denied, with prejudice. The Clerk is directed to enter judgment against Frazier and to close this case.

ORDERED at Tampa, Florida, on November 28, 2005.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Arthur W. Frazier, Jr.